■ SANI DISTRIBUTORS, INC., Respondent, v. TOYOSHIMA & CO., INC., Appellant.— Order entered December 8, 1966 granting the application of respondent for a stay of an arbitration proceeding instituted by appellant reversed, on the law and on the facts, and stay vacated, with $30 costs and disbursements to appellant. Extensive correspondence between the parties, subsequent to the order contract of October 22, 1965 adequately confirms the existence of a contract and fulfillment of the alternative condition that the order "shall become a contract only when signed by Buyer and accepted in writing by Seller". (*Crabtree* v. *Elizabeth Arden Sales Corp.*, 305 N. Y. 48, 55; *Matter of Wachusett Spinning Mills [Blue Bird Silk Mfg. Co.]*, 7 A D 2d 382, affd. 6 N Y 2d 948.) Disputes as to interpretation of the agreement between the parties did ensue but they were all referable to the initial contract. In view of the sweeping language of the arbitration clause, these disputes must necessarily be transmitted to arbitration. (*Race Co.* v. *Oxford Hall Contr. Corp.*, 25 A D 2d 665.) Concur — Botein, P. J., Steuer, Tilzer and McGivern, JJ.; Stevens, J., dissents in the following memorandum: I do not quarrel with the proposition that a contract need not be contained within a single executed document but may be pieced together out of separate connected writings (cf. *Matter of Wachusett Spinning Mills [Blue Bird Silk]*, 7 A D 382, affd. 6 N Y 2d 948). It is still requisite, however, that in order for a contract to come into being there must be some meeting of the minds or consensual agreement. The difficulty in the present case is that these parties never seem to have agreed on exactly what was to be purchased or sold. The basic order contract No. M-2496 dated October 22, 1965, which contained the provision for arbitration, referred to goods of a particular quality or description. This document was never signed by respondent Sani as requested. Instead, Sani, by letter dated March 8, 1966, referred to and ordered an assortment with a different fabric construction, to which Toyoshima replied in effect, insisting upon the fabric construction contained in the October, 1965 document. There is further correspondence between the parties from which it might be inferred that some order was placed out of what fabric construction is not clear. Additionally, the document of October 22, 1965, expressly provided that the order should become a contract "only when signed by the Buyer and accepted in writing by Seller, or when

Buyer has accepted delivery of any part of the goods ". Neither of the eventualities provided for occurred. The parties had both the right and power to limit the circumstances under which a contract should come into being. The parties should not be compelled to arbitrate unless it is clear that they have agreed to do so. Accordingly, I would affirm.